UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
—————————————————— x

DANIA GIBSON,                    FIRST AMENDED
        Plaintiff.               CIVIL RIGHTS
                                 COMPLAINT
    – against –

ANDREW M. CUOMO,                 20-CV-D1455-JLS
ANTHONY J. ANNUCCI,
ERIC GRAFF, DARYL
MCKENZIE, DAVID
BALKDNI, THOMAS
COCHRAN, NEW YORK
STATE CORRECTIONS
AND COMMUNITY
SUPERVISION, MIYATA
D. MADDOX, HOPE
OBERTEAN, TIMOTHY
HUNTER, JASON PEQUEEN,
KRISTOPHER M. SZABLICKI,
PARRIS PRICE, JONATHON
SEAY, GEORGE BROWN,
AND DARRI MCGUIRE,
        DEFENDANTS.
—————————————————— x

PLEASE TAKE NOTICE, Pursuant to 42
U.S.C. § 1983, 28 U.S.C. § 1654, And
Rule 3 of the Federal Rules of Civil Procedure
(Fed. R. Civ. P.), Plaintiff, DANIA GIBSON, Pro
Se, commence this First Amended Civil Rights
Complaint.

# VENUE AND JURISDICTION

1. Venue is Appropriate in this judicial

district. According to 28 U.S.C. § 1391 (a) (2), because the events giving rise to Plaintiff Claims At All Relevant times And Approximate times was initiated And or concluded in this judicial district (i.e., Erie County of the State of New York).

2. In Accordance with Fed. R. Civ. P. 8 (a)(1) And 20 (a)(2)(A), this Civil Rights Action Arises Under violations of Amendment I, VIII, XIV to the United States Constitution, 42 U.S.C. § 1983, And the Stigma Plus Doctrine. Jurisdiction is invoked pursuant to 28 U.S.C. §§§§§ 1117 (a), 1331, 1391, 1201, And 2202.

3. Also this Civil Rights Action Arises under violations of the New York State Correction Law § 70 (2)(c), Title 7 of the Compilation of Codes, Rules And Regulations of the State of New York (N.Y.C.R.R.) § 251-4.2, And Article 1, § 5 to the New York State Constitution. Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367.

TYPE OF TRIAL

4. Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demand A trial by jury of this Civil Rights Action.

PARTIES

5. DANA GISON ("Gibson") is A transgender incarcerated individual And pro se Plaintiff in this Civil Rights Action. Plaintiff Gibson's Current Address is the Attica Correctional facility, 639 Exchange Street, P.O. Box 149, Attica, New York 14011-0149.

b. ANDREW M. CUOMO ("Cuomo") At All Relevant dates and Approximate times was the Governor of the State of New York And lead defendant in this Civil Rights Action. Defendant Cuomo's Last Known Address is The New York State Governor's Office, 633 Third Avenue, New York, New York 10017.

7. The Following Are Additional defendants to this Civil Rights Action:

a. NEW YORK STATE CORRECTIONS AND COMMUNITY SUPERVISION ("DOCCS"). Defendant DOCCS is Currently Located At 1220 Washington Avenue, Albany, New York 12226-2050.

b. ANTHONY J. ANNUCCI ("Annucci") is the DOCCS Acting Commissioner. Defendant Annucci's Current Address is DOCCS, 1220 Washington Avenue, Albany, New York 12226-2050.

c. DOCCS Correction Officer ("C.O.") THOMAS COCHRAN ("Cochran"). Defendant Cochran's Current Address is Auburn Correctional Facility ("Auburn C.F.") 135 State Street, P.O. Box 618, Auburn, New York 13024-0618.

d. Retired DOCCS Correction Sergeant ("Sgt.") ERIC GRAFF ("Graff") Retired DOCCS Correction Officers' ("C.O.'s) DARYL MCKENZIE ("McKenzie") DAVID BALLONI ("Balloni"). Defendants' Graff, McKenzie, And Balloni Can be Served And Located At DOCCS Counsel's Office, 1220 Washington Avenue, Albany, New York 12226-2050.

e. DOCCS Correction Officer ("C.O.") JASON PEQUEEN ("Pequeen"), KRISTOPHER M. SZABLICKI ("Szablicki"), DARRIS PRICE

("Price"), JONATHAN SEAY ("Seay"), MIYATA D. MADDOX ("Maddox"), GEORGE BROWN ("Brown"), DDCCS Correction Sergeant ("Sgt.") TIMOTHY HUNTER ("Hunter"), DDCCS Correction Lieutenant ("Lt.") DARRI MCGUIRE ("McGuire"), DDCCS Nurse Practitioner-Family Health ("NP.") HOPE OBERLEAN ("Oberlean") All Are currently located At the Wende Correctional Facility ("Wende C.F.") 3040 Wende Road, P.O. Box 1187, Alden, New York 14004-1187.

## CAPACITIES

8.   Plaintiff commence this Civil Rights Action Against defendants: Cuomo, Annucci, Cochran, Graff, McKenzie, Ballali, Maddox, Peyreen, Szablicki, Price, Seay, Hunter, Oberlean, Brown, And McGuire in their individual Capacities for willful Violations of the United States Constitution And Laws of the State of New York For which Plaintiff Seek Monetary Relief (i.e., Compensatory And Punitive damages).

9.   Also Plaintiff commence this Civil Rights Action Against defendant DDCCS in its Official Capacity For Violations of the United States Constitution And Applicable Laws And Regulations of the State of New York For which Plaintiff Seek Prospective Relief (i.e., Injunction And Declaratory Judgment).

## IMPORTANT NOTICE

10.   While this Civil Rights Action Assert, inter alia, United States Constitutional procedural And Substantive due Process Violations which occurred in the Context of A Prison disciplinary hearing proceeding, it is important that Notice be given that Plaintiff is currently serving A

Prison term Sentence which include A Maximum term of Life imprisonment, And thus is ineligible For Good Time Credit under the Charter of New York State Law. Accordingly, A Favorable And Full Resolution of Plaintiff's Due Process Claim would not implicate or Affect the overall Length of Plaintiff Prison term Sentence. Plaintiff hereby Agree to Abandon Forever Any Claim She have had, or may have in the Present And or Future with respect to the disciplinary Sanctions that Affect the Length of her imprisonment (i.e. Loss of Good Time Credits).

## STATEMENT OF CLAIM

11. Pursuant to Fed. R. Civ. P. 8 (a)(2), Plaintiff Commence this Civil Rights Action based upon the following Causes of Action:

### FIRST CAUSE OF ACTION

12. Plaintiff Claim in the context of A custom of Mismanaging Preventative measures to Prevent the exposure to, Contraction of, And spread of the Coronavirus ("COVID-19") her Eighth Amendment to the United States Constitution According to the Cruel And Unusual Punishment Clause was Violated As were her Rights in Accord with Article 1, § 5 to the New York State Constitution According to the Cruel And Unusual Punishment Clause, And § 70 (2)(c) of the New York State Correction Law by And through the Actions of Negligence, Gross Negligence, Carelessness, Recklessness, Failure to Protect, deliberate indifference, And Callous indifference of defendants' Cuomo, Annucci*, Cochran, Graff, Mckenzie, Randall, And DOCCS.

13. On or About March of 2020, defendants'

Cuomo, Annucci, And DOCCS was given official warning by the Center For Disease Control And Prevention ("CDC"), the New York State Department of Health ("DOH"), and other Reputable Health Physicians' And Organizations of the Risk of Serious Harm posed to the present As Well As the future physical, cardiological, neurological, And psychological health states of exposure to And the subsequent contraction of the COVID-19 virus by all citizen Residents' Residing within the State of New York, which included long term incarcerated individuals Residing within penitentiaries, Like plaintiff, which Are owned, Regulated, And operated by defendants' Cuomo, Annucci, And DOCCS. Moreover, defendants' Cuomo, Annucci, And DOCCS were for warn of the Risk of serious physical, neurological, cardiological, And, psychological harm posed by COVID-19 exposure by persons Asymptomatic And subsequent contraction by incarcerated individuals' Residing within long term penitentiaries with pre-existing Respiratory Ailments including, but Not Limited to Asthma.

14. Based, upon such health warnings the CDC, DOH, And other Reputable health And human Rights Organizations urged defendants' Cuomo, Annucci, And DOCCS to immediately implement A comprehensive proactive health And safety policy, protocol, And procedure for the operation of its penitentiaries And vehicles to prevent the exposure to, contraction of, And spread of the COVID-19 virus within such penitentiaries And vehicles. Specifically, the CDC, DOH, Health Physicians, And Human Rights Organizations urged defendants' Cuomo, Annucci, And DOCCS to implement health protocols And policies for the use of social distancing And the wearing of personal protective equipment ("PPE") surgical-type face masks And other forms of face covering by DOCCS staff And incarcerated individuals', suspending the use of internal DOCCS transfers of

incarcerated individuals to and from DOCCS penitentiaries via DOCCS vehicles. Requiring the deep cleaning of the interior of all DOCCS vehicles. And installing and using an air-filtration ventilation system that filter out the COVID-19 virus spores within it's penitentiaries. To these urged required health and safety measures to prevent the exposure to, contraction and spread of the COVID-19 virus, defendants' Cuomo, Annucci, and DOCCS failed to implement a comprehensible proactive health and safety policy and protocol to prevent the exposure to, contraction and spread of the COVID-19 virus within it's penitentiaries and vehicles. Choosing instead the status quo customs of operations implemented prior to the COVID-19 pandemic.

15. Subsequently, based upon such customs and acting under the auspices of defendants' Cuomo, Annucci, and DOCCS, on or about March 17, 2020, at approximately 10:00 am., at the Auburn C.F., a penitentiary owned and operated by defendants' Cuomo, Annucci, and DOCCS, defendants' Mckenzie, Graff, Balloni, and Cochran without wearing any form of a P.P.E. or any other type of face covering, secured plaintiff, a well known and documented asthmatic incarcerated individual, in mechanical body restraints which consisted of handcuffs, positioned in front of her body with black box, waist chain and leg irons. Plaintiff was then escorted to an awaiting DOCCS bus by defendants' Balloni, Graff, Cochran, and Mckenzie whereabout plaintiff was forced to be seated among approximately twenty other mechanically restrained incarcerated individuals without any form of face masks and or face covering.

16. Upon being seated on the DOCCS bus plaintiff asked defendants' Graff, Mckenzie, Balloni, and Cochran why was they and everyone on the

DOCCS Bus Already Not Wearing Face Masks, and practicing social distancing on the bus? In full response to such question, As defendants' Mckenzie, Ballpali, and Cochran looked on and failed to intercede, defendant Graff stated to plaintiff "We don't have to do all that shit because Neither Governor Cuomo, Nor DOCCS Require or permit such." Plaintiff was forced to remain seated during the bus ride, which was destine for Wende C.F. Without any form of adequate air ventilation for approximately four hours.

17. On or About Tuesday, March 17, 2020, At Approximately 3:30 p.m., Shortly After Arriving At Wende C.F., Which is A penitentiary owned and operated by defendants' Cuomo, Annucci, And DOCCS, plaintiff was Assigned housing in the "C"-Block, "15"-Company ("C-15") general population prisoners' housing Area of the Wende C.F. Where-About Neither P.P.E. Face Masks Nor Any type of other Face Covering was Required Nor permitted by defendants' Cuomo, Annucci, And DOCCS for Incarcerated individuals And DOCCS Staff Alike. Moreover, the C-15 prisoners' housing Area of Wende C.F. Failed to have And or use an Air-Filtration Ventilation System that Either out the COVID-19 Virus Spores. Based upon plaintiff being transported And housed under such condition And punishment, On or About Wednesday, March 18, 2020, At Approximately 10:30 a.m., plaintiff was Rushed to the Wende C.F. Infirmary For breathing complications And A time whereabout it was medically discovered through COVID-19 Virus testing that plaintiff was exposed to the COVID-19 Virus And subsequently contracted the COVID-19 Virus.

18. Upon testing positive for contracting the COVID-19 Virus twice And experiencing

Respiratory complications associated with con-
tracting the COVID-19 Virus. On or about March
19, 2020, At Approximately 1:45 p.m., while
still imprisoned in the Wende C.F. Infirmary,
plaintiff was transported by Emergency Medical
Services ("EMS") vehicle to the Erie County
Medical Center ("ECMC") for urgent medical
care and treatment for COVID-19 Virus con-
traction. After weeks of hospitalization and
medical attention At ECMC it was medically
determined through COVID-19 Virus trace testing
that plaintiff contracted the deadly COVID-19
Virus either during her March 19, 2020, DOCCS
bus trip from Auburn C.F. to Wende C.F.
And or while housed in the C-15 prisoners'
housing Area of the Wende C.F. on March 17,
2020 to March 18, 2020. Subsequent to having
been exposed to the COVID-19 Virus and later
contracting the COVID-19 Virus based upon such
exposure. plaintiff sustained permanent physical
injuries in the form of lung damage and respiratory
problems. Moreover, plaintiff is likely to have
sustain long term physical, psychological, cardi-
ological, And Neurological injuries in the future
which too may be permanent.

## SECOND CAUSE OF ACTION

19. Plaintiff claim in the context of the
unlawful destruction of her prison grievance com-
plaint her First Amendment Right to the United States
Constitution According to the Freedom of speech
Clause was violated do to the Actions of Callous
Indifference, Retaliation, Negligence, Carelessness,
Recklessness of defendant Maddox

20. On or About Thursday, April 9, 2020, At
Approximately 2:00 p.m., while imprisoned in the
"C"-Block, "16"-Company, "18"-Cell ("C-16-18")

general population prisoners' housing area of the Wende C.F., plaintiff requested that defendant Maddox, whom was collecting incarcerated individuals' outgoing mail, to place her prison grievance complaint, which was based upon defendant Maddox's destruction of plaintiff's assigned housing area in cell light fixture, in the penitentiary drop-box labeled "Inmate Grievance Program" for filing, investigation, and resolution of such complaint. In response to plaintiff's request defendant Maddox stated to plaintiff "fuck you — you really think I am going to let you send grievances and complaints to people about me out". At such time defendant Maddox proceeded to rip plaintiff's April 8, 2020, prison grievance complaint in half.

21. Defendant Maddox's actions of destroying plaintiff's prison grievance complaint as a retaliatory act thwarted plaintiff's protected attempt to obtain a just, speedy, and inexpensive resolution of plaintiff's issue of complaint.

## THIRD CAUSE OF ACTION

22. Plaintiff claim in the context of an act of excessive utilization of physical force her Eighth Amendment right to the United States Constitution according to the cruel and unusual punishment clause was violated as were her Fourteenth Amendment right to the United States Constitution according to the equal protection clause was violated by and through the actions of failure to protect, negligence, gross negligence, deliberate indifference, recklessness, callous indifference, and carelessness of defendants' Pequent, Szablicki, Price, Seay, Hunter, and Oberlean.

23. On or about Wednesday, April 15, 2020, at approximately 10:34 am., while incarcerated in the Mental Health Unit's Observation ("DBS"), "5"—

Cell ("MHU-DBS-5") Prisoners' Housing Area of the Wende C.F., Plaintiff was given a direct order by defendant Peyween to submit to a strip frisk. As Plaintiff attempted to comply with such order defendant Peyween stated to Plaintiff "Gibson, your black ass brought that Coronavirus here infecting us good people - you motherfucker..." At such time without justification or just cause. As defendants' Price, Szablicki, Seay, and Hunter looked on and failed to intercede to stop defendant Peyween, defendant Peyween with a closed fist struck Plaintiff about her nose causing Plaintiff to sustain a painful fractured and bloody nose. As Plaintiff fell to the cell floor in pain both defendants' Szablicki and Peyween proceeded to kick Plaintiff about her upper and lower body extremities for approximately five to ten minutes as Plaintiff laid defenseless in extreme pain on the cell floor. All the while defendants' Seay, Price, and Hunter continued to look on but failed to intercede and or stop the physical attack on Plaintiff by defendants' Peyween and Szablicki.

24. Thereafter the physical attack on Plaintiff by defendants' Szablicki and Peyween, defendant Oberlean was summoned by a DOCCS Registered Nurse ("R.N.") Peishel to administer urgent medical care and treatment to Plaintiff for her painful bloody and fractured nose. At such time without any form of physical examination of Plaintiff's nose, defendant Oberlean refused to administer any medical care and or treatment to Plaintiff's nose injury stating to Plaintiff "Gibson, you need to pick better fights - those two guys are not the Dales... I work with Jason Peyween's family in R.M.U. I know they are no joke". At such time defendant Oberlean proceeded to cover up the physical attack on Plaintiff by refusing to medically order x-rays of Plaintiff's nose to determine the

degree of the Nose fracture. Subsequently, by and through the actions of defendants Seay, Price, Obertean, Hunter, Szablicki, And Peyweer Plaintiff Sustained permanent, Present and future, physical injuries to her Nose.

## FOURTH CAUSE OF ACTION

25. Plaintiff Claim in the Context of a DOCCS Prison disciplinary hearing Proceeding her fourteenth Amendment Right to the United States Constitution in accord to both the Procedural and substantive due process Clauses was violated and her Eighth Amendment Right to the United States Constitution according to the Cruel and Unusual Punishment Clause was violated as were 7, N.Y.C.R.R. § 251-4.2 Violated by and through the Actions of Negligence, stigma Plus, egregious, Outrageous, Callous Indifferate, Carelessness, gross Negligence, Recklessness, deliberate indifference, and the imposition of grossly disproportionate disciplinary penalties on the part of defendants' Brown, McGuire, and DOCCS.

26. On or About Friday, May 29, 2020, At Approximately 9:05 a.m., While imprisoned in the general population of the Wende C.F. Plaintiff was served with Two separate DOCCS Inmate Misbehavior Reports ("IMR's") dated Wednesday, April 15, 2020, by T.O. N. W. Hebert ("Hebert") and C.O. Szablicki, purported in such IMR's Respectively, that Plaintiff allegedly violated Numerous DOCCS Standards of Inmate Behavior and subsequent to such Allegations Plaintiff was confined in and under Solitary confinement status pending the full Resolution of such Allegations.

27. On or About Friday, May 29, 2020, While confined in and under Solitary Confinement status at the Wende C.F. Plaintiff was Assigned the Pre-

seeking Employee Assistance of defendant Brown in connection with the IMR's of C.O. Hebert and C.O. Szablicki to prepare a defense to the alleged DOCCS Rule Violations. Accordingly, in an attempt to ascertain prevalent information and relevant documentary evidence needed to marshal the alleged facts of the purported incidents of misconduct to prepare a defense to the alleged DOCCS Rule Violations plaintiff requested that defendant Brown obtain and provide her with Parts "A", "B", "C", "D", "E" of the DOCCS Use of Force Report. Also plaintiff requested that defendant Brown interview as witnesses C.O. Peuveen and C.O. Szablicki. Shortly thereafter, defendant Brown refused to interview as witnesses C.O. Szablicki and C.O. Peuveen. When plaintiff asked the reason for his refusal, defendant Brown stated to plaintiff "these are staff and friends - I will not interview them as your witnesses". Also without just cause and or reason defendant Brown refused to obtain and provide plaintiff with Parts "B", "C", "D", and "E" of the DOCCS Use of Force Report only stating to plaintiff "get it at the hearing from the hearing officer".

28. On or about Thursday, June 4, 2020, at approximately 10:59 a.m., while still imprisoned in the Wende C.F. under Solitary Confinement status, plaintiff was summoned to appear at a DOCCS prison disciplinary hearing proceeding before defendant McGuire As the presiding Hearing Officer. Before the commencement of the instant hearing and the presentation of any evidence, off the hearing record defendant McGuire stated to plaintiff "Hudson, I have reviewed your disciplinary history from this bid and your prior bid in 1992 - you did what the report said - what would my (sic) staff lie - your guilty and that's that". Based upon defendant McGuire's statement of personal perspective without evidence he predetermined plaintiff's guilt of violating the alleged DOCCS Rules purported and prejudiced any evidence presented to

the contrary of his expressed perspective introduced
at the instant hearing. Accordingly, shortly thereafter
defendant McGuire commenced the instant hearing by
formally charging plaintiff with having allegedly violated
numerous rules of DOCCS standards of inmate behavior
purported by I.O. Herbert and I.O. Szablicki which
included refusing direct orders, loss of damaged
property, assault on staff, violent conduct, creating a
disturbance, and refusing a search or frisk. Upon
being formally read such alleged rule violations plaintiff
entered a plea of not guilty to all alleged DOCCS rule
violations.

    24.  After entering a plea of not guilty to all the
alleged DOCCS rule violations, ill-prepared for the instant
hearing, plaintiff proceeded to object to the instant
hearing proceeding in its entirety based upon the lack
of pre-hearing employee assistance she received in
preparation for such hearing from defendant Brown.
Specifically, plaintiff objected based upon defendant
Brown's refusal to interview witnesses requested
and to obtain and provide her with Pgs. "A", "C", "D",
and "E" of the DOCCS Use of Force Report as was
requested. In response to such objections defendant
McGuire noted plaintiff's objections and endorsed
defendant Brown's refusal to interview requested
witnesses citing defendant DOCCS unwritten custom
that an assigned pre-hearing employee assistant,
in connection with a DOCCS prison disciplinary
hearing proceeding, is prohibited from interviewing
requested staff witnesses which is in direct
infringement with defendant DOCCS official form
regulations (i.e., Title 7, N.Y.C.R.R. § 251-4.2).
Also defendant McGuire advised plaintiff he would
check on providing her with the pgs. of the DOCCS
Use of Force Report not provided by defendant Brown
and proceeded forward with the instant DOCCS prison
disciplinary hearing proceeding and forced plaintiff to
proceed with such hearing ill-prepared and unable to

Assert any form of a defense to the alleged DOCCS rule violations. Shortly thereafter the instant DOCCS prison disciplinary hearing proceeding was adjourned.

30. On or about Friday, June 12, 2020, defendant McGuire reconvened the instant DOCCS prison disciplinary hearing proceeding to take the witness testimony of I.O. Hebert. After I.O. Hebert testified defendant McGuire asked plaintiff to assess the credibility of I.O. Hebert's testimony for him and in doing so defendant McGuire attempted to coerce an admission from plaintiff that she violated such purported DOCCS rule violations. Shortly thereafter, defendant McGuire adjourned such hearing. On or about Tuesday, June 16, 2020, at approximately 7:00 p.m., defendant McGuire reconvened the instant DOCCS prison disciplinary hearing proceeding outside of plaintiff's presence without providing plaintiff with the parts of the DOCCS use of force report not provided by defendant Brown prior to the instant hearing, defendant McGuire proceeded to render a disposition in the instant DOCCS prison disciplinary hearing proceeding finding plaintiff guilty of all alleged DOCCS rule violations purported in the IMR's of I.O. Hebert and I.O. Scarlett without providing plaintiff with a written statement by the evidence relied upon and the reason for the disposition of guilt. Defendant McGuire imposed upon plaintiff the penalties of One-Hundred and Twenty (120) days confinement in solitary confinement with corresponding loss of privileges (i.e., packages and commissary), and a One-Hundred and Ninety-Five Dollars ($195.00) restitution.

31. On or about Sunday, June 21, 2020, upon being housed by DOCCS staff at the Wende C.F. that a disposition was rendered by defendant McGuire in the instant DOCCS prison disciplinary hearing proceeding, plaintiff, finally, commenced an administrative appeal of defendant McGuire's disposition

of guilt. In such Administrative Appeal Plaintiff raised the following hearing deficiencies: (1) deprivation of adequate pre-hearing employee assistance, (2) deprivation of a written statement of the evidence relied upon and the reason for the disposition of guilt, (3) deprivation of a fair and impartial hearing and hearing officer, and (4) the penalties imposed were grossly disproportionate. On or about Friday, June 26, 2020, Plaintiff's Administrative Appeal without reason was denied. Accordingly, Plaintiff was forced to serve a total of approximately One-Hundred and Five (105) days in solitary confinement penalties imposed by defendant McGuire. In serving such penalties imposed in solitary confinement Plaintiff suffered a number of unlawfully harsh, physical, and significant hardship treatment in solitary confinement including, but not limited to: (1) deprivation of adequate in-cell lighting and for ventilation, (2) deprivation of general library services, (3) deprivation of adequate medical care; (4) unlawful physical body restraints, and more.

32. Based upon the facts stated Plaintiff was willfully deprived of the following procedual due process by and through the actions of defendants' Brown, McGuire, and DOCCS respectively: (1) a written statement of the evidence relied upon and the reason for disposition of guilt by and through the actions of defendant McGuire, (2) adequate pre-hearing employee assistance by and through the actions of defendants' Brown, DOCCS, and McGuire, and (3) a fair and impartial hearing and hearing officer by and through the actions of defendant McGuire. Further, Plaintiff's long-term confinement in solitary confinement under such harsh conditions and the restitution imposed by defendant McGuire was grossly disproportionate and subjected Plaintiff to a sufficiently risk of serious harm to Plaintiff's present as well as future physical

And Psychological health states. Moreover, defendant McGuire's instant DOCCS Prison disciplinary hearing proceeding disposition of guilt stigmatized Plaintiff As being In inherent Assaultive danger to DOCCS staff, in such, Plaintiff's Reputation was severely damaged As she was permanently Prohibited from Part In DOCCS Rehabilitative therapeutic Programming.

## RELIEF REQUESTED

33. Pursuant to Fed. R. Civ. P. 8 (a)(2), And 42 U.S.C. §§ 1997 And 1997e, And based upon the foregoing Actions of the Aforementioned defendants the Plaintiff seek the Relief of:

A. **FIRST CAUSE OF ACTION:** One Million dollars ($1,000,000.00) in compensatory damages And One Million dollars ($1,000,000.00) in Punitive damages individually from defendants Cuomo, Annucci, Graff, McKenzie, Cochran, And Belloni. Also Plaintiff seek declaratory judgment for defendant DOCCS Violation of Plaintiff's Rights According to both the United States Constitution And New york state Law.

b. **SECOND CAUSE OF ACTION:** One Million dollars ($1,000,000.00) in compensatory damages And One Million dollars ($1,000,000.00) in punitive damages from defendant Maddox.

c. **THIRD CAUSE OF ACTION:** One Million dollars ($1,000,000.00) in compensatory damages And One Million dollars ($1,000,000.00) in Punitive damages individually from defendants Szablicki, Peyveen, Seat, Price, Hunter, And Oberlean.

d. **FOURTH CAUSE OF ACTION:** One Million dollars ($1,000,000.00) in compensatory damages And One Million dollars ($1,000,000.00) in Punitive damages individually from defendants Brown And

Mr. Guzke. Also Plaintiff seek declaratory judgment for defendant DOCCS Actions And Customs In Violating Plaintiff's Rights According to the United States Constitution And New York State Law And Regulations.

e. Reasonable Attorney Fees, Pursuant to 42 U.S.C. § 1988, And the Costs And Fees Of this Action, including the Filing Fees, And

f. Such Other And or Further Relief As may be deemed just And proper According to Law.

Dated: October 1, 2021
      Attica, New York


Respectfully Submitted,
/S/: Dana Gibson
      Plaintiff, Pro Se

DANA GIBSON
#05-A-3824
Attica Correctional Facility
639 Exchange Street, P.O. Box 149
Attica, New York 14011-0149

Dana Gibson
# 05-A-3824
Attica Correctional Facility
P. O. Box 149
Attica, New York 14011-0149

Patrick J. Healy                    October 1, 2021
Chief Deputy Clerk
% Court Clerk's Office
United States District Court
Western District of New York
2 Niagara Square
Buffalo, N. Y. 14202-3498

Re: Gibson V. Cuomo, et al.
20-CV-01455-JLS

Dear Mr. Healy:

Respectfully, As I Am the Pro Se Plaintiff in
the Above Captioned Civil Rights Action, Enclosed
For Filing Please Find Plaintiff's First Amended
Civil Rights Complaint. Please Forward Such
to Judge Sinatra For judgement. Thank you...

Respectfully,
Dana Gibson

Enclosure

**ATTICA CORRECTIONAL FACILITY**
BOX 149
ATTICA, NEW YORK 14011-0149

NAME: _Dana Gibson_ DIN: _D5-A3824_
A-3-7

*USDC WDNY*
*OCT -7 2021*
*BUFFALO*

*LEGAL MAIL*

BUFFALO NY 140
5 OCT 2021 PM 5L
CORRECTIONAL FACILITY
ATTICA

FIRST-CLASS MAIL
US POSTAGE $001.13⁰
ZIP 14011
041M11284163

To: Patrick J. Healy
Chief Deputy Clerk
% Court Clerk's Office of
United States District Court
Western District of New York
2 Niagara Square
Buffalo, New York 14202-3498

Mailed: Oct. 1, 2021

1420283350  C030