UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GEE GIBSON,[1]

      Plaintiff,

v.

ANDREW M. CUOMO, et. al.,

      Defendants.

20-CV-1455 (JLS) (MJR)

---

## DECISION AND ORDER

*Pro se* Plaintiff Gee Gibson filed this action under 42. U.S.C. § 1983 on October 27, 2020. *See generally* Dkt. 1. Gibson's claims, among others, include an Eighth Amendment claim against former New York Governor Andrew M. Cuomo and the New York State Department of Corrections and Community Supervision ("DOCCS") that they were indifferent, careless, reckless, and negligent in failing to heed the advice, warnings, and guidance of the Centers for Disease Control and other governmental agencies in March and April 2020—resulting in Gibson contracting the novel coronavirus. *See generally id.* After this Court screened the complaints, *see* Dkts. 5, 16, and Defendant Cuomo moved to dismiss, *see* Dkt. 28, the Court referred the case to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Dkt. 29.

---

[1] The caption refers to Plaintiff as "Gee Gibson" in light of Judge Roemer's order granting Gibson's motion to amend or correct a party name (Dkt. 48). *See* Dkt. 74, at 2 n.2, at 27.

Presently before the Court is Judge Roemer's Report, Recommendation, and Order ("R&R") addressing the pending motions related to Defendant Cuomo[2] as well as Gibson's motion to amend or correct party name (Dkt. 48). *See* Dkt. 74. As set forth in the R&R, Judge Roemer recommended granting Defendant Cuomo's motion to dismiss[3] (Dkt. 28) and denying Gibson's motion for sanctions (Dkt. 43). Judge Roemer further granted Gibson's motion to amend the party name (Dkt. 48) and denied Gibson's motion to strike (Dkt. 49).

Upon Gibson's request, the deadline for filing objections to the R&R was extended to May 25, 2023. *See* Dkts. 81, 82. No party filed objections by that date.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which objections are not raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

---

[2] As the R&R noted, other defendants in this case have filed separate motions to dismiss and/or to sever that will be addressed in a separate, forthcoming R&R and/or order. Dkt. 74, at 5.

[3] The R&R recommended granting Cuomo's motion to dismiss for failure to state a claim of deliberate indifference and to allege Cuomo's personal involvement in any constitutional violation. Dkt. 74, at 7-17. In the alternative, the R&R concluded that Cuomo is entitled to qualified immunity as to this claim. *Id.* at 17-19. However, the R&R did not recommend dismissal based on Gibson's alleged failure to exhaust administrative remedies. *Id.* at 19-21.

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Roemer's R&R and the relevant record. In the absence of objections, the Court accepts and adopts Judge Roemer's recommendations to grant Defendant Cuomo's motion to dismiss and to deny Gibson's motion for sanctions.[4]

For the reasons stated above and in the R&R, Defendant Cuomo's motion to dismiss (Dkt. 28) is GRANTED; and Gibson's motion for sanctions (Dkt. 43) is DENIED. The case is referred back to Judge Roemer for further proceedings consistent with the referral order of June 14, 2022. Dkt. 29.

SO ORDERED.

Dated:   June 1, 2023
         Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

[4] In the absence of any objections, Judge Roemer's orders regarding the motion to amend a party name and the motion to strike are undisturbed.