UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GEE GIBSON,

        Plaintiff,

        v.                                 20-CV-1455 (JLS) (MJR)

ANDREW M. CUOMO, et. al.,

        Defendants.

_____

## DECISION AND ORDER

*Pro se* Plaintiff Gee Gibson filed this action under 42. U.S.C. § 1983 on October 27, 2020. *See generally* Dkt. 1. This Court previously dismissed several of Gibson's claims, Dkts. 5, 6, 83, but allowed the following claims to continue: (1) Eighth Amendment claims, Dkt. 10, ¶¶ 12–18; (2) First Amendment claim, *id.* ¶¶ 19–21; (3) excessive force, failure to intervene, and failure to treat injury claims, *id.* ¶¶ 22–24; and (4) due process claims, *id.* ¶¶ 25–32. Defendants Annucci, Balloni, Cochran, Graff, and McKenzie ("Annucci defendants") filed a motion to dismiss. Dkt. 61. Defendants Brown, Hunter, Maddox, McGuire, Obertean, Pequeen, Price, Seay, and Szablicki ("Maddox defendants") filed a motion to dismiss and motion to sever. Dkt. 67.

Presently before the Court is Judge Roemer's Report and Recommendation ("R&R") addressing the pending motions. *See* Dkt. 86. As set forth in the R&R, Judge Roemer recommended this Court grant Maddox's and the Annucci

defendants' motions to dismiss and deny the Maddox defendants' motion for severance as moot. *Id.* at 1, 19.

Upon Gibson's request, the deadline for filing objections to Judge Roemer's R&R was extended to September 29, 2023, and again to October 13, 2023. *See* Dkts. 88, 90. No party filed objections.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which objections are not raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Roemer's R&R and the relevant record. In the absence of objections, the Court accepts Judge Roemer's recommendations to grant Maddox's and the Annucci defendants' motions to dismiss and denies the Maddox defendants' motion to sever as moot. The Court also accepts Judge Roemer's recommendation that Gibson's remaining claims based on excessive force, failure to protect, medical indifference, and violations of due process should continue to discovery.

For the reasons stated above and in the R&R, the Annucci defendants' motion to dismiss (Dkt. 61) is GRANTED; Defendant Maddox's motion to dismiss (Dkt. 67) is GRANTED; and the Maddox defendants' motion to sever (Dkt. 67) is DENIED as moot. The case is referred back to Judge Roemer for further proceedings consistent with the referral order of June 14, 2022. Dkt. 29.

SO ORDERED.

Dated:   January 22, 2024
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE